UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00153-RGK-MBK | Date | March 31, 2026 |
|---|---|---|---|
| Title | Juan Manuel Juarez v. Morales | | |

| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE WHY THE FIRST AMENDED PETITION (DKT. 5) SHOULD NOT BE DISMISSED AS UNTIMELY AND SUCCESSIVE

Petitioner, Juan Juarez, is a California state prisoner, in custody at the Substance Abuse and Treatment Facility in Corcoran, California. Petitioner filed the initial petition in this action pursuant to 28 U.S.C. § 2254 on January 2, 2026. Dkt. 1. Shortly thereafter, Petitioner filed a First Amended Petition on January 7, 2026. Dkt. 5. Petitioner challenges his conviction on five grounds: 1) a detective did not provide Petitioner with his *Miranda* rights warning prior to interviewing Petitioner; 2) ineffective assistance of counsel; 3) denial of an evidentiary hearing; 4) error under *Griffin* due to a statement from the detective; and 5) his sentence is excessive in violation of the Eighth Amendment. Dkt. 5 at 5-6. Petitioner paid the filing fee in full. Dkt. 1.

The Court conducted a preliminary review of the Petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). For the reasons that follow, it appears that Petitioner filed his petition well after the deadline to challenge his conviction in federal court. The Court notes that Petitioner has also previously filed a Petition for writ of habeas corpus in the federal court challenging the same conviction. *See Juan Juarez v. J. Soto*, No. 2:13-cv-01013-JVS-RNB (C.D. Cal.). That action was dismissed with prejudice *Id.* Dkts. 31-33. It therefore also appears that the instant action is an impermissible successive habeas petition. The Court therefore orders Petitioner to show cause (that is, explain in writing) why his petition should not be dismissed as untimely and as successive.

## 1. Petitioner's Claims Appear to be Untimely.

Petitioner filed the instant Petition after April 24, 1996, which makes the Petition subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") time limits. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00153-RGK-MBK | | Date | March 31, 2026 |
|---|---|---|---|---|
| Title | Juan Manuel Juarez v. Morales | | | |

*Lindh v. Murphy,* 521 U.S. 320, 336 (1997). AEDPA establishes a one-year time period for state prisoners to file a federal habeas petition. 20 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

However, the one-year time period may be tolled while a petitioner seeks collateral review in the state courts. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Although the time between when a petitioner's conviction becomes final and the date a petitioner files their first habeas petition is not subject to statutory tolling, the statute of limitations is tolled during "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008). The statute "is tolled from the time the first habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Id.*

Here, Petitioner indicates that he was convicted in December 2009, and sentenced in January 2010. Dkt. 5 at 2. It appears that California Court of Appeal affirmed his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00153-RGK-MBK | Date | March 31, 2026 |
|---|---|---|---|
| Title | Juan Manuel Juarez v. Morales | | |

conviction on direct review on November 14, 2011,[1] and the California Supreme Court denied his petition for review on February 15, 2012.[2] There is no indication that Petitioner filed a petition for writ of certiorari with the United States Supreme Court after the California Supreme Court denied his petition for review. As a result, Petitioner's conviction became final 90 days after the California Supreme Court's decision was issued, on May 15, 2012. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

Therefore, as far as the Court can ascertain from the information provided in the Petition, Petitioner's statute of limitations to file a habeas petition in federal court expired on May 15, 2012.

Although it is not clear from the First Amended Petition, it appears that Petitioner sought post-conviction relief in the state courts on two occasions after his conviction became final. Neither round of post-conviction proceedings appears to render his federal habeas claims timely. Petitioner first filed a petition for writ of habeas corpus in the California Court of Appeal on August 5, 2022,[3] and the Court denied his petition on August 18, 2022.[4] It does not appear from the Case Information Website that Petitioner filed a Petition for Review of this denial with the California Supreme Court. Petitioner also filed a second petition for writ of habeas corpus with the California Court of Appeal on February 10, 2026, which denied the petition on February 19, 2026.[5] There is no indication on the Case Information Website that Petitioner filed a Petition For Review of this second denial with the California Supreme Court. Because Petitioner initiated these post-convictions proceedings well after the AEDPA one-year statute of limitations had already

---

[1] Because it is unclear from the Petition, the Court conducted a search on the California Court of Appeal website, *See* California Appellate Court case Information website ("Case Information Website), Cal. Ct. App. 2nd Dist., Case No. B223213, at https://appellatecases.courtinfo.ca.gov/index.cfm).

[2] It appears that Petitioner filed a petition for review with the California Supreme Court as well, which was denied on February 15, 2012. *See* Case Information Website, Case No. S198730.

[3] Case Information Website, Cal. Ct. App. 2d Dist., Case No. B322090.

[4] *Id.*

[5] Case Information Website, Cal. Ct. App. 2d Dist., Case No. B352269.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00153-RGK-MBK | | Date | March 31, 2026 |
|---|---|---|---|---|
| Title | Juan Manuel Juarez v. Morales | | | |

run, they appear to provide no basis to toll the statute of limitations for his federal habeas petition.

### 2. The Petition Appears to be Successive.

In 2013, Petitioner filed a petition for writ of habeas corpus in federal court. *See Juan Juarez v. J. Soto*, No. 2:13-cv-01013-JVS-RNB (C.D. Cal.). That petition appeared to challenge the same conviction, arising out of Superior Court Case Number PA063069, as Petitioner's instant petition. In Petitioner's earlier case, the Magistrate Judge issued a Report and Recommendation addressing the merits of Petitioner's claims arising from his state court conviction and recommended denying the petition. *Id.*, Dkt. 27. The District Judge adopted the Report and Recommendation and entered a judgment dismissing the action with prejudice. *Id.*, Dkts. 31-33.

In general, a habeas petitioner may not challenge legality of their detention pursuant to a state conviction "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a); *See also United States v. Lopez,* 577 F.3d 1053, 1061 (9th Cir. 2009) (citing *Burton v. Stewart*, 549 U.S. 147, 152-153 (2007) (per curiam)). Such second, "or successive," habeas petitions are only permitted if the petitioner first seeks permission from the Court of Appeals and the Court of Appeals authorizes the successive petition on certain narrow grounds. *See* 28 U.S.C. § 2244(b)(2) (listing the grounds on which a successive habeas petition may be permitted); § 2244(b)(A)(3) (requiring the Court of Appeals to authorize a successive habeas petition). Absent such authorization, the District Court lacks jurisdiction to consider the successive petition. *Burton,* 549 U.S. at 157.

Here, Petitioner has not provided any indication that he has sought, or that the Ninth Circuit has granted, authorization to proceed with a second habeas petition challenging the same state court judgment as a previously-dismissed petition. Accordingly, it appears that the Petition is subject to dismissal as improperly successive.

As a result, it appears that all of Petitioner's claims are barred by the statute of limitations in 28 U.S.C. § 2244(d)(1) and are barred as successive under 28 U.S.C. § 2244(a). Before recommending dismissal of the claims, the Court will provide Petitioner an opportunity to explain why this action should not be dismissed as untimely and successive. Petitioner is **ORDERED** to file a response to explain why he believes his claims are timely under Section 2244(d)(1) including any basis for statutory or equitable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00153-RGK-MBK | | Date | March 31, 2026 |
|---|---|---|---|---|
| Title | Juan Manuel Juarez v. Morales | | | |

tolling. Petitioner must also explain why his Petition should not be deemed successive or demonstrate that he has sought and obtained leave from the Ninth Circuit to file a successive petition in the district court under Section 2244(b)(3)(A). Petitioner shall file his response by no later than **May 1, 2026**.

**Petitioner is warned that failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

***

Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Petitioner without filing and will not be considered by the Court**.

1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

2. Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

3. Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

4. After any Respondent has filed an appearance in this action, Petitioner must file any future document with the Court and serve it on Respondent(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Petitioner <u>must</u> attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-00153-RGK-MBK | Date | March 31, 2026 |
|---|---|---|---|
| Title | Juan Manuel Juarez v. Morales | | |

5.  At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

*Failure of a pro se Party to Keep Court Apprised of Current Address: A* **party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**